IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

BROADCAST MUSIC, INC., et al., )
                                                )
                Plaintiffs, )
                                                )
v.                                               )
                                                )   No. 2:14-CV-04201-NKL
BOOTLEGGER'S 4, L.L.C., et al., )
                                                )
                Defendants. )

**ORDER**

Defendants Bootlegger's 4, L.L.C., Gary Tompkins, and Jeremy Gorham's motion to dismiss, [Doc. 14], is denied.

**I.    Background**

The Plaintiffs' suit is for copyright infringement under the U.S. Copyright Act 1976, as amended, 17 U.S.C. §§101, *et seq*. Plaintiff BMI licenses the public performance rights for musical compositions in its repertoire, including those of the other Plaintiffs who are the copyright owners of their respective compositions at issue here. [Doc. 1, pp. 2-3, ¶¶ 3-15].[1] Bootlegger's is an LLC that operates an establishment known as Bootlegger's Sports Book and Grill. Tompkins and Gorham are members and owners of the LLC; have a direct financial interest in the LLC; and have the right and ability to supervise the activities of the LLC, and responsibility for operation and management of the establishment. [*Id.* at pp. 3-4, ¶¶ 16-22].

---

[1] The Court accepts the allegations in the Complaint as true for purposes of the Defendants' motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

The Plaintiffs allege that the Defendants willfully violated the copyright law 18 times by their "unauthorized public performance" of musical compositions licensed and owned by the Plaintiffs, without license or permission to do so. [*Id.* at pp. 4-5, ¶¶ 24-25]. BMI is the licensor of the public performance rights of the 18 compositions at issue in this suit. [*Id.* at p. 5, ¶ 28]. The Plaintiffs incorporate a schedule, attached to the Complaint, that contains information about the 18 claims of copyright infringement, listing the claim number, title of composition, writer, publisher, specific Plaintiff who owns the copyright, date of copyright registration, copyright registration number, date of infringement, and place where the infringement occurred (Bootlegger's Sport Book and Grill). [*Id.* at p. 4, ¶ 25, and Doc. 1-1].

## II.     Discussion

The Defendants argue that the Complaint must be dismissed because the Plaintiffs: do not allege any facts in support of the allegations that Tompkins and Gorham are responsible for management and supervision of the establishment; fail to allege whether the copyrighted materials were performed live or presented as recordings; and fail to attach a copy of BMI's license agreement or otherwise plead facts establishing that BMI has the right to recover for the alleged violations.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the short and plain statement is to provide defendants with "fair notice of what the...claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 545 (citation omitted). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff need only have

2

Case 2:14-cv-04201-NKL   Document 27   Filed 12/05/14   Page 2 of 5

pleaded "enough facts to state a claim to relief that is plausible on its face." *Id.* The complaint will be liberally construed, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008).

With respect to the Defendants' first argument, a corporate officer can be jointly and severally liable for infringement of the copyright law if the officer has the right and ability to supervise the infringing activity, and has a direct financial interest in such activities. *See, e.g.*, *Broadcast Music, Inc. v. Peppermint Club, Inc.,* 1985 WL 6141 *5 (N.D. Ohio 1985) (*citing Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F.Supp. 478, 483 (N.D. Ohio 1978)). The Plaintiffs have alleged, and for purposes of the motion to dismiss the Court must accept as true, that Tompkins and Gorham are members and owners of the LLC, are responsible for operation and management of the LLC and the establishment, that they have the right and ability to supervise the infringing activity and have a direct financial interest in such activities. The allegations are sufficient to provide Defendants Tompkins and Gorham fair notice of what the claim against them is and the grounds upon which it rests.

With respect to the second argument, a prima facie case for infringement of copyright in musical composition requires proof that the composition was performed publicly for profit. *Collins Court Music, Inc. v.* Pulley, 704 F.Supp. 963, 964 (W.D. Mo. 1988) (*citing Van Halen Music v. Palmer,* 626 F.Supp. 1163, 1165 (W.D. Ark. 1986)). "Perform" is broadly defined under the law. It means "to recite, render, play, dance, or act [a work], either directly or by means of any device or process[.]" 17 U.S.C. § 101. The Plaintiffs alleged that the Defendants infringed on the Plaintiffs' copyrights by

3

unauthorized public performance, and provided a schedule containing information about the 18 claims of copyright infringement—claim number, title of composition, writer, publisher, specific Plaintiff who owns the copyright, date of copyright registration, copyright registration number, date of infringement, and place where the infringement occurred (Bootlegger's).  The nature of the public performance—whether live performance or playing a recording—is not part of the Plaintiffs' prima facie case.  The allegations concerning unauthorized public performance are sufficient to provide fair notice of the claim and grounds.

Finally, the Defendants argue that dismissal is appropriate because the Plaintiffs did not attach a copy of BMI's license agreement to the Complaint, or otherwise plead facts establishing that BMI has the right to recover for the alleged violations.  Rule 8, however, does not require a complaint to contain evidentiary proof of the allegations contained in it.  As for sufficiency of the allegations, the Plaintiffs plead that BMI is the licensor of the public performance rights of the 18 compositions at issue in this suit.  The owner of a copyright has the exclusive right to perform or authorize others to perform the copyrighted work, 17 U.S.C. § 106(4), and the legal or beneficial owner of an exclusive right under a copyright may bring an infringement action, *id.* at § 501(b). Legal or beneficial owners can include licensors.  *See, e.g., Campbell v. Bd. of Trustees of Leland Stanford Jr. Univ.,* 817 F.2d 499, 504 (9th Cir. 1987); *Grant Heilman Photography, Inc. v. McGraw-Hill Companies, Inc.,* 2014 WL 2892504 at *5-6 (E.D. Pa. June 26, 2014); and *Pacific Stock, Inc. v. Pearson Educ., Inc.,* 927 F.Supp 2d 991, 998 (D. Hawaii Feb. 26, 2013).  The allegations are sufficient to provide fair notice and grounds for BMI's

4

claim.

### III. Summary

The Defendants' motion to dismiss [Doc. 14] is denied.

                                                s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: December 5, 2014
Jefferson City, Missouri